BURKE W. KAPPLER
Attorney, Office of General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone: (202) 326-2043
Facsimile: (202) 326-2477
Email: bkappler@ftc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

          Petitioner,

    v.

IAN CHI,

          Respondent.

Case No. **'13CV0256 H    KSC**

**PETITION OF THE FEDERAL TRADE COMMISSION FOR AN ORDER TO ENFORCE A CIVIL INVESTIGATIVE DEMAND**

Petitioner, the Federal Trade Commission ("FTC" or "Commission") petitions this Court, pursuant to Sections 16 and 20 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 56, and 57b-1, 28 U.S.C. §§ 1337 and 1345, and Fed. R. Civ. P. 81(a)(5), for an order requiring respondent, Ian Chi ("Mr. Chi"), to produce responses to written interrogatories and to document requests, and a sworn verification as to these responses, in response to a Commission Civil Investigative Demand ("CID"), a type of administrative compulsory process, issued to Mr. Chi on May 7, 2012. The CID was issued in the course of a non-public investigation concerning possible violations by Mr. Chi of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45, 52 with respect to the sales, advertising, and marketing of human chorionic gonadatropin (hCG), a drug that is advertised as enabling users to achieve rapid and substantial weight loss results.

Though Mr. Chi initially made a partial response, he has since refused to complete his response and has not substantially complied with the CID.  The Commission serves as the primary administrative law enforcement agency for Sections 5 and 12 and Mr. Chi's failure to cooperate and respond to the CID greatly impedes the Commission's ongoing investigation.

The Declaration under penalty of perjury of James A. Prunty, which verifies the allegations of this Petition, is attached hereto as Petition Exhibit ("Pet. Exh.") 1.  Additional exhibits are as follows:

Pet. Exh. 2    Resolution Directing Use of Compulsory Process in a Nonpublic Investigation of Unnamed Persons Engaged Directly or Indirectly in the Advertising or Marketing of Dietary Supplements, Foods, Drugs, Devices, or Any Other Product or Service Intended to Provide a Health Benefit or To Affect the Structure or Function of the Body, August 13, 2009 (FTC File No. 0023191);

Pet. Exh. 3    Civil Investigative Demand to Ian Chi, May 7, 2012; and

Pet. Exh. 4    Letter from James A. Prunty to Saman Nasseri, Esq., November 30, 2012.

## JURISDICTION

1.    The authority of the Commission to issue a CID, and the jurisdiction and venue of this Court to enter an order enforcing it, are conferred by Section 20(c) of the FTC Act, 15 U.S.C. § 57b-1(c), which empowers the Commission to issue CIDs to compel, *inter alia*, the production of documentary evidence and responses to written interrogatories.   Sections 20(e) and (h) of the FTC Act, 15 U.S.C. §§ 57b-1(e) and (h), authorize the Commission to invoke the aid of the district courts to enforce a CID in any jurisdiction in which the recipient of a CID "resides, is found, or transacts business."  They also authorize the Commission to seek enforcement of a CID in its own name using its own counsel.  *Id*.

2.    In this case, venue and jurisdiction are proper under Section 20(e) because Mr. Chi is found, and transacts business, in this district.  Pet. Exh. 1, ¶¶ 3, 5.

## INVESTIGATIVE AND ENFORCEMENT AUTHORITY

3.    The Commission is an administrative agency of the United States, organized and existing pursuant to the FTC Act, 15 U.S.C. § 41 *et seq.*  The Commission is authorized and

directed by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prohibit unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.

4.  Section 12 of the FTC Act, 15 U.S.C. § 52, authorizes the Commission to prohibit false advertising for the purpose of inducing, directly or indirectly, the purchase of food, drugs, devices, services, or cosmetics.

5.  Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to prosecute any inquiry necessary to its duties in any part of the United States.  Section 6 of the Act, 15 U.S.C. § 46, empowers the Commission to gather and compile information concerning, and to investigate from time to time, the organization, business, conduct, practices and management of, any person, partnership or corporation engaged in or whose business affects commerce, with certain exceptions not relevant here.  Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to require by CID the production of documents or other information relating to any Commission law enforcement investigation.

6.  An enforcement proceeding is properly instituted by a petition and order to show cause (rather than by complaint and summons) and is summary in nature; discovery or evidentiary hearings may be granted only upon a showing of exceptional circumstances.  *See, e.g., EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1078 (9th Cir. 2001); *FTC v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980); *FTC v. MacArthur*, 532 F.2d 1135, 1141-42 (7th Cir. 1976); *United States v. Litton Industries, Inc.*, 462 F.2d 14, 17 (9th Cir. 1972); *see also Appeal of FTC Line of Business Report Litigation*, 595 F.2d 685, 704-05 (D.C. Cir. 1978).

## STATEMENT OF FACTS

7.  Ian Chi has been engaged in the online sale, advertising, and marketing of hCG through at least three websites: www.noriskhcg.com, www.premierehcg.com, and www.maxhcg.com.  Mr. Chi is engaged in, and his business affects, "commerce" as that term is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.  Mr. Chi resides, is found, or transacts business within the Southern District of California.  Pet. Exh. 1, ¶¶ 3, 5.

8. On August 13, 2009, the Commission issued a "Resolution Directing Use of Compulsory Process in a Nonpublic Investigation of Unnamed Persons Engaged Directly or Indirectly in the Advertising or Marketing of Dietary Supplements, Foods, Drugs, Devices, or Any Other Product or Service Intended to Provide a Health Benefit or To Affect the Structure or Function of the Body." The resolution directed that compulsory process be used to investigate, among other things,

> whether unnamed persons, partnerships, corporations, or others engaged directly or indirectly in the advertising or marketing of dietary supplements, foods, drugs, devices, or any other product or service intended to provide a health benefit or to affect the structure or function of the body have misrepresented or are misrepresenting the safety or efficacy of such products or services, and therefore have engaged or are engaging in unfair or deceptive acts or practices or in the making of false advertisements, in or affecting commerce, in violation of Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52. The investigation is also to determine whether Commission action to obtain redress for injury to consumers or others would be in the public interest.

Pet. Exh. 2.

9. On May 7, 2012, pursuant to the authority of the investigatory resolution, the Commission issued a CID to Mr. Chi requiring him to answer interrogatories and produce documents relating to the subject matter of the investigation, and required full compliance by May 29, 2012. Pet. Exh. 1, ¶ 4; Pet. Exh. 3. FTC investigating staff made multiple attempts to serve Mr. Chi at various addresses and finally effectuated service on June 20, 2012 by e-mailing Mr. Chi a copy of the CID. Pet. Exh. 1, ¶ 5. On July 11, 2012, counsel for Mr. Chi contacted staff and confirmed his receipt of the CID. Pet. Exh. 1, ¶ 5.

10. At about the same time, FTC investigating staff pursued other leads and identified a third website registered by Mr. Chi to sell a third brand of hCG product, in addition to the two websites and products identified in the CID. Staff also learned that Mr. Chi had relationships with credit card processors through several different company names. Pet. Exh. 1, ¶ 6.

11. On July 24, 2012, counsel for Mr. Chi sent FTC staff two compact disks in response to the CID. These disks contained illegible electronic files or files that could not be opened. The disks also contained nonresponsive materials. To the extent the disks included

4

responsive documents, these documents were disorganized and were not labeled or organized by specification as directed by the CID instructions. Shortly thereafter, staff contacted counsel for Mr. Chi and informed him that the production was unusable and provided counsel detailed instructions to aid in responding to the CID. Pet. Exh. 1, ¶ 7.

12. On October 16, 2012, FTC investigating staff received a series of e-mails and attachments that contained partial responses to only four interrogatories and only three document requests. Pet. Exh. 1, ¶ 8. For some specifications, Mr. Chi's responses were incomplete and did not reflect all of the products, websites, or companies the FTC had identified or traced back to him. For other specifications, Mr. Chi made no response at all. Pet. Exh. 1, ¶ 9.

13. On October 18, 2012, FTC investigating staff contacted counsel for Mr. Chi to inform him that the production remained incomplete. Pet. Exh. 1, ¶ 10.

14. On November 30, 2012, FTC investigating staff sent counsel for Mr. Chi a letter relating the history of the investigation and Mr. Chi's failure to comply. The letter gave Mr. Chi ten days to cure his noncompliance. Pet. Exh. 1, ¶ 12.

15. On December 20, 2012, counsel for Mr. Chi informed staff by telephone that Mr. Chi would not provide any additional information. Pet. Exh. 1, ¶ 13.

16. All of the documents and information requested in the CID are relevant to the Commission's investigation. However, the following documents and information are the most critical to the investigation:

   a. Documents and information identifying all of the hCG products sold by Mr. Chi;

   b. Documents and information about all of the websites used to facilitate the sales, including the URLs, the content, the tracking information, and the person(s) responsible for their creation and development;

   c. The revenue received from all of Mr. Chi's sales of hCG products;

   d. The companies and corporate names affiliated with or used in conjunction with the sales of hCG;

   e. The person(s) responsible for creating Mr. Chi's advertising;

   f. Document and information relating to the testimonials appearing on Mr. Chi's

5

    websites and in his advertising; and

  g. Consumer complaints.

  17. To date, Mr. Chi has not provided all of these items, has only made a partial response to specifications calling for some of them, and therefore has not even come close to substantial compliance with the CID.  As a result, many of the important types of documents and information are missing from the production.

  18. Mr. Chi has not objected to the CID on any ground, and has not exhausted his administrative remedies by petitioning the Commission to quash or limit the CID, as provided in FTC Rule 2.7(d)(1), 16 C.F.R. § 2.7(d)(1).[1]  Furthermore, Mr. Chi has not sought modification of the CID specifications or extensions of the return dates, as provided in 16 C.F.R. § 2.7(c). Pet. Exh. 1, ¶ 14.

  19. The CID is within the Commission's authority, the information and documents sought are reasonably relevant to the Commission's investigation, and the CID does not impose an unreasonable burden on Mr. Chi.  Further, Mr. Chi's failure to comply with the CID greatly impedes the Commission's ongoing investigation, forces the Commission to expend additional public resources, and prevents the Commission from completing its investigation in a timely manner.  Pet. Exh. 1, ¶ 15.

## **GROUNDS FOR ENFORCEMENT**

**I. The scope of issues considered in proceedings to enforce compulsory process is narrow.**

  20. Although "the court's function is 'neither minor nor ministerial,' the scope of issues which may be litigated in a [compulsory process] enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity." *FTC v. Texaco*, *Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977) (*en banc*)

---

[1] The FTC's Rules of Practice related to investigations, 16 C.F.R. Part 2, were amended effective November 9, 2012. All citations in this petition to rules within Part 2 are to the rules in effect at the time the CID was issued.

6

(internal citation omitted); *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996).

21.     This Court's role in a CID enforcement proceeding is thus limited to determining whether the Commission demonstrates that: (1) Congress has granted the authority to investigate; (2) the procedural requirements have been followed; (3) the evidence is relevant and material to the investigation. *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (hereinafter "*Children's Hospital*"), *overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir. 1994); *accord FDIC v. Garner*, 126 F.3d 1138, 1142-43 (9th Cir. 1997); *North Bay Plumbing, Inc.*, 102 F.3d at 1007; *SEC v. Nicita*, Civ. No. 07CV0772 WQH (AJB), 2008 WL 170010, at *5 (S.D. Cal. Jan. 16, 2008).

22.     The government's burden to demonstrate that these requirements have been satisfied requires only a "minimal showing" and can be demonstrated by an affidavit of an investigating agent. *Garner*, 126 F.3d at 1143. Here, as set forth in the accompanying Declaration of James A. Prunty, the managing attorney for the investigation, the Commission has readily demonstrated that the requirements for enforcement are satisfied.

**II.    The civil investigative demand should be enforced.**

   **A.    Congress granted the FTC the authority to investigate.**

23.     The Commission's authority to issue the CID is clear. *See* 15 U.S.C. §§ 43, 57b-1. Also without doubt is the Commission's authority to investigate acts and practices that may violate Sections 5(a) or 12 of the FTC Act. *See, e.g.*, *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095-97 (9th Cir. 1994); *FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 710-11 (9th Cir. 1976) (finding FTC had jurisdiction over distributors of hCG pursuant to Sections 5 and 12 of the FTC Act).

   **B.    The procedural requirements have been followed.**

24.     The CID was issued consistent with FTC regulations and procedures. The CID was issued pursuant to a valid Commission resolution authorizing the issuance of compulsory

7

process for possible violations of the FTC Act. Pet. Exh. 2. The CID was signed by a Commissioner and was served by the Commission's Secretary, as provided in the Commission's Rules. *See* 16 C.F.R. §§ 2.7, 4.4; Pet. Exh. 3. Indeed, staff served Mr. Chi multiple times, at his request, to ensure he received and was aware of his obligations under the CID. Pet. Exh. 1, ¶ 5. The procedural requirements for the CID were therefore followed.

### C. The evidence is relevant and material to the investigation.

25. The purpose of an FTC investigation is defined by the compulsory process resolution that authorizes the CID. *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1088 (D.C. Cir. 1992); *Texaco*, 555 F.2d at 874. The purpose of this investigation, as defined by the supporting compulsory process resolution, is to determine Mr. Chi has engaged, directly or indirectly, in misrepresentations about the safety or efficacy of hCG, a drug. Pet. Exh. 2. This is a lawful purpose because Congress has authorized the FTC to investigate and enforce Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45, 52.

26. The CID in this case seeks information material and relevant to this purpose. The CID requests information related to the sales, advertising, and marketing of hCG. Plainly, this information sought by the CID is reasonably relevant to the Commission's investigation, as it is designed to assist the Commission in ascertaining whether "the law is being violated in some way and . . . to determine whether or not to file a complaint." *Invention Submission Corp.*, 965 F.2d at 1090. As set forth in the accompanying declaration of the managing attorney, Mr. James Prunty, the Commission, through specific interrogatories and document requests, seeks to ascertain whether or not Mr. Chi is violating the FTC Act. Pet. Exh. 1, ¶¶ 1, 4; Pet. Exh. 2. This information specified by the CID is material and relevant to this purpose, under the broad standard of relevance that applies in administrative investigations. *See Phelps v. Soc. Sec. Admin., Office of the Inspector Gen.*, No. 08CV2092-L (BLM), 2009 WL 862167, at *1 (S.D. Cal. Mar. 26, 2009) (citing *SEC v. Nicita*, 2007 WL 1704585, at *3 n. 4 (S.D. Cal. June 13, 2007)).

### D. The information sought is not unduly burdensome..

27. The CID contains thirteen written interrogatory specifications and twelve document production requests. The information sought concerns Mr. Chi's sales, advertising, and marketing of hCG, and other related materials and information. These demands are clearly stated and are not unduly burdensome.

28. Moreover, at no point has Mr. Chi claimed the CID is overbroad or unduly burdensome. *Garner*, 126 F.3d at 1145-46 (holding that the party claiming burden must establish the burden) (citing *United States v. Stuart*, 489 U.S. 353, 360 (1989)). Initially, such a claim is properly made through the filing of a petition to quash or limit the CID, but Mr. Chi filed no such petition. 16 C.F.R. § 2.7(d). Nor has Mr. Chi ever requested modifications to the CID specifications or extensions of the CID return date. Because Mr. Chi never raised such a claim – or any claim – to the FTC challenging the CID, Mr. Chi has failed to exhaust his administrative remedies and this Court should decline to hear any claims now. *See Casey v. FTC*, 578 F.2d 793, 796-98 (9th Cir. 1978) ("[F]ailure to exhaust administrative remedies typically precludes judicial relief . . . ."); *see also Amerco v. NLRB*, 458 F.3d 883, 888 (9th Cir. 2006) (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)).

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission invokes the aid of this Court and prays:

a. For the immediate issuance of an order directing Mr. Chi to show cause why he should not comply in full with the CID;

b. For a prompt determination of this matter and an order requiring Mr. Chi to fully comply with the CID within ten (10) days of such order, including providing complete responses to the CID's written interrogatories and document requests and a sworn certificate of compliance;

c. For such other relief as this Court deems just and proper.

Respectfully submitted,

DAVID C. SHONKA
Acting General Counsel

JOHN F. DALY
Deputy General Counsel for Litigation

LESLIE RICE MELMAN
Assistant General Counsel for Litigation

   s/ Burke W. Kappler
BURKE W. KAPPLER
Attorney, Office of General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone: (202) 326-2043
Facsimile: (202) 326-2477
Email: bkappler@ftc.gov

Attorneys for Petitioner Federal Trade Commission